# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JESSIE GLORIA, LUIS BOTELLO-FAZ, NICOLAS MACRI, PAT GRANT, JENNIFER RAMOS, and ISAIAH RODRIGUEZ,<br><br>    Plaintiffs,<br> v.<br><br>RUTH HUGHS, in her official capacity as Texas Secretary of State<br><br>    Defendant. | Civil Action<br><br>Case No. 5:20-cv-00527-OLG |

## PLAINTIFFS' OPPOSED MOTION FOR RECONSIDERATION OF ORDER STAYING PROCEEDINGS

Plaintiffs respectfully move this Court to reconsider its decision to enter a stay in this case pending the outcome of the appeals in *Texas Democratic Party v. Abbott*, No. 20-50407 ("*TDP*"). In support of this motion, Plaintiffs submit as follows.

## RELEVANT BACKGROUND

On June 11, this Court *sua sponte* stayed these proceedings "pending a decision on the merits by the Fifth Circuit" in *TDP*, "and the outcome of any appeal thereof." ECF No. 14 at 1. As this Court recognized, "[t]he issue in this case is narrow: whether § 82.003 of the Texas Election Code, on its face, violates the Twenty-Sixth Amendment to the U.S. Constitution." *Id.* The decision to issue a stay relied on (1) the fact that, among their many claims, the *TDP* plaintiffs included a challenge to § 82.003 under the Twenty-Sixth Amendment, and (2) this Court's conclusion that "the merits [of that issue] will be addressed" in the present appeal in *TDP*. *Id.*

When this case was filed, *TDP* was pending before another judge in this district. On May 19, after expedited briefing and a hearing, that judge entered an order preliminarily enjoining § 82.003. *TDP v. Abbott*, No. 20-CV-438, 2020 WL 2541971 (W.D. Tex. May 19, 2020). The order's overwhelming focus was on § 82.003's application in the present global pandemic. This was in line with the relief the *TDP* plaintiffs sought. *See TDP*, 2020 WL 2541971 at *11 (explaining Plaintiffs requested "an injunction order blocking state officials from denying a mail-in ballot to any Texas voter who applies for a mail-in ballot because of the risk of transmission of COVID-19 . . . ."); *see also* Pl.'s Br. in Supp. of Prelim. Inj. at 3, *TDP*, 20-CV-438, ECF No. 10 at 3 (asserting plaintiffs forced to make "stark choice" of "risk[ing] infection from a dangerous, often deadly disease by voting in person, or . . . vote by mail utilizing the disability excuse . . . under state law, or [be] disfranchised"); *id.* at 14 (seeking a "preliminary injunction pursuant to . . . *as-applied* claims . . . .") (emphasis added). The *TDP* court's preliminary injunction, too, was

1

tailored to the current health crisis, specifically ordering that: "during the pendency of pandemic circumstances" "[a]ny eligible Texas voter who seeks to vote by mail in order to avoid transmission of COVID-19 [to] apply for, receive, and cast an absentee ballot in upcoming elections . . . ." 2020 WL 2541971 at *6. That order was followed by a lengthy appendix in which the court set forth its findings that the plaintiffs were likely to succeed on the merits. Those findings were largely centered on claims that Plaintiffs do not raise here—e.g., what the First and Fourteenth Amendment require in the context of the pandemic, the vagueness of the statute, and the Attorney General's communications about Texas law in the same context. *Id*. at *7-32. But in that appendix, the district court also found that the *TDP* plaintiffs were likely to succeed on their Twenty-Sixth Amendment challenge. *Id*. *13-14.

The State defendants in that case (Secretary of State Hughs, the Governor, and the Attorney General) sought an emergency stay from the Fifth Circuit. Over the course of only three days, the parties filed a flurry of briefs principally focused on claims other than the Twenty-Sixth Amendment.[1] On June 4, the motions panel issued an order staying the district court's injunction pending the outcome of the appeal. *TDP v. Abbott*, No. 20-50407, -- F. 3d. --, 2020 WL 2982937 (5th Cir. June 4, 2020). This Court's order staying the proceedings in this case followed one week later.

**ARGUMENT**

Plaintiffs move this Court to reconsider its decision to stay this matter to avoid manifest injustice. The Fifth Circuit has repeatedly stated that "a motions panel decision is not binding

---

[1] In their motion to stay, the State defendants noted that, in the proceedings below, the *TDP* plaintiffs had "expressly deferred their facial challenges to section 82.003 . . . to 'a final trial on the merits.'" Emergency Mot. for Stay Pending Appeal & Temporary Administrative Stay ("Mot. to Stay"), *TDP v. Abbott*, No. 20-50407, at 15 n.3. Defendants argued that, as a result, the district court acted improperly by "appear[ing] to have found the statute facially unconstitutional." *Id*.

2

precedent." *Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 583 (5th Cir. 1988) (citing *Fischer v. United States*, 759 F.2d 461, 463 (5th Cir. 1985), and *E.E.O.C. v. Neches Butane Prods. Co.*, 704 F.2d 144, 144 (5th Cir. 1983)). This is a good rule in general, but in this case, in particular, there are many reasons to anticipate that the motions panel's decision in *TDP* is unlikely to resolve the Twenty-Sixth Amendment claim raised by Plaintiffs here (or even the claims raised in *TDP*). If Plaintiffs are not permitted to litigate their claim until the appeals in *TDP* are resolved, they are likely to suffer irreparable injury as a direct result of that delay.

**A.      Resolution of the *TDP* appeal is likely to come too late for Plaintiffs in this action.**

When a court of appeals grants a stay on an emergency basis, it acts on an exceedingly compressed timeframe that is not conducive to deliberate, considered decision-making. *See, e.g.*, *United States v. Bear Marine Servs.*, 696 F.2d 1117, 1119 (5th Cir. 1983) (noting a merits panel may overrule a motions panel because the former "has the benefit of full briefs and frequently . . . oral argument"); *E.E.O.C.*, 704 F.2d at 147 (noting a merits panel is entitled to determine that "the motions decision was improvident and should be reconsidered"). Thus, while two of the judges on the motions panel in *TDP* appeared to reach the preliminary opinion that the plaintiffs there are not likely to succeed on their Twenty-Sixth Amendment claim (albeit for different reasons, as discussed further *infra*), the merits panel is free to come to a different conclusion. *See, e.g.*, *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 311 n.26 (5th Cir. 1998) (noting "[i]t is settled that the motions panel order is not binding on us" and citing cases).

Unfortunately, whatever the merits panel does, it will almost certainly come too late for Plaintiffs in *this* action, who were preparing to file a motion for summary judgment seeking permanent relief in time for the November election. The *TDP* appeal is not set to be heard on any kind of expedited basis; the briefing schedule does not even contemplate the matter being fully

3

briefed until August 5, and argument has not yet been set. It is thus highly unlikely that any ruling will come before the November election. Lifting the stay and allowing Plaintiffs to proceed on the sole legal claim at issue in this case will ensure that, if Plaintiffs are denied their right to vote in November, it is not because of a delay in a decision in an entirely separate case.

If this Court lifts the stay and were to then go on to grant Plaintiffs' motion for summary judgment, the Secretary, of course, would have the opportunity to appeal and to argue to this Court and the Court of Appeals that this Court's decision should be stayed at that point. But the Court should not presuppose that Plaintiffs' claim in *this* case will rise and fall with the *TDP* appeal, denying Plaintiffs here a chance to make their case in advance of the coming election.

**B.     There are multiple indications the TDP appeal will *not* resolve Plaintiffs' claim here.**

While the Court's conclusion that the merits of the *TDP* plaintiffs' Twenty-Sixth Amendment claim "will be" addressed by a merits panel may seem unobjectionable at first blush, a close read of each of the three opinions that make up the 47-page order issued on the motion to stay strongly indicates that very well may not end up being the case.[2]

As this Court noted, the *TDP* plaintiffs' Twenty-Sixth Amendment claim is only *one* issue "among others" that are under consideration in that appeal. ECF No. 14 at 1. Also at issue is the question of whether the district court judge should have abstained from reaching the merits of the claims in that case at the time that the preliminary injunction motion was decided. As noted above, the *TDP* plaintiffs expressly raised as-applied claims that sought relief during the pandemic, and at the time the district court issued its injunction the Texas Supreme Court was considering a mandamus petition as to the plain meaning of § 82.002(a). That petition raised the question,

---

[2] Because the opinion of the motions panel in the *TDP* case has been added to Westlaw's database, this brief cites that opinion, rather than the slip opinion; it is the latter that was 47 pages long.

specifically, of whether, as a matter of state law, § 82.002(a) permits voting by mail solely based on the risk of exposure to COVID-19. *See In re State of Texas*, No. 20-0401 (Tex. 2020).

Judge Costa, who joined in the judgment of the motions panel's decision, *but not its reasoning*, wrote separately to explain that he also would have issued a stay, but on the grounds that the district court should have abstained from issuing the injunction, at least while the concurrent case was pending (and anticipated to be swiftly resolved) in the Texas Supreme Court. *See TDP*, 2020 WL 2982937, at *22-23 (Costa, J., concurring in judgment). In his view, the majority overreached and offered opinions on "'unnecessary' constitutional questions" (such as the likelihood of success on the Twenty-Sixth Amendment claim, about which Judge Costa expressed no opinion). *See id.* at *23. Judge Costa further opined that a decision on the *merits* would also be "premature before the district court considers the claims in light of the now-determined issue of state law." *Id*.

When merits panels disagree with motions panels (or when courts reverse panel decisions en banc), they often do so by following a path already asserted in a concurring or dissenting opinion. *See, e.g.*, *Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366 (9th Cir. 2016) (en banc) (granting motion for injunction pending appeal "essentially for the reasons provided in the dissent" in prior panel decision (citing *Feldman v. Ariz. Sec'y of State*, 840 F.3d 1057, 1085-98 (9th Cir. 2016)); *Cincinnati Milacron, Ltd. v. M/V Am. Legend*, 804 F.2d 837, 837 (4th Cir. 1986) (affirming judgment of district court "for reasons stated in the dissent to the superseded panel decision"). Once a merits panel has the opportunity to carefully consider the issues that the *TDP* case presents, it may agree with Judge Costa and choose, instead of reaching the merits, to remand for further consideration in light of the Texas Supreme Court's ensuing opinion on the meaning of § 82.003. Should the Fifth Circuit follow that path, Plaintiffs will have been denied their opportunity to make

their case, as well as any hope of obtaining a meaningful remedy in time to protect their voting rights in the coming November election, based on a dispute over the meaning of a state law that has no relevance to Plaintiffs' sole claim here.

There are other paths the Fifth Circuit could follow that would similarly avoid reaching the Twenty-Sixth Amendment issue, leading to a "justice delayed is justice denied" situation for Plaintiffs here. The merits panel could, for example, determine that the injunction requested by the *TDP*—which requested relief in advance of the July primary runoff—should have been denied under the doctrine announced in *Purcell v. Gonzalez*, 549 U.S. 1 (2006), pursuant to which the Supreme Court has at times stayed decisions that courts determine could cause voter confusion when issued shortly before an election. Or the Fifth Circuit might agree with the State Defendants' argument that the district court's ruling on the Twenty-Sixth Amendment was premature and hold that claim was not properly before the court on the preliminary injunction at all. *See* Mot. to Stay, *TDP v. Abbott*, No. 20-50407, at 15 n.3 (asserting "Appellees expressly deferred their facial challenges to section 82.003 of the Texas Election Code to 'a final trial on the merits,' yet the district court appears to have found the statute facially unconstitutional").

These are but a few of the possible courses that the appeal could take, but each demonstrate that it is far from certain that the *TDP* merits panel will reach the Twenty-Sixth Amendment issue. Because it appears that this Court's stay was based on the conclusion that it would do so, *see* ECF No. 14 at 1 ("Although the Fifth Circuit has not yet issued a ruling on the merits, the issue is before a three judge panel and *the merits will be addressed*.") (emphasis added), that is reason alone to

reconsider and permit the Plaintiffs to brief their motion for summary judgment to attempt to obtain permanent relief on their single, narrow claim, prior to the November election.

### C. The majority's analysis of the Twenty-Sixth Amendment claim in the *TDP* stay order is deeply flawed.

In addition to the fact that the merits panel in the *TDP* appeal may not reach the issue at all, there are several other reasons to find that Judge Smith's opinion is unlikely to be the last word on the Twenty-Sixth Amendment claim in the Fifth Circuit. Should this Court lift the stay and permit Plaintiffs to proceed to briefing their motion for summary judgment, they would expand on these points, but in brief summary they include the following.

First, Judge Smith's discussion of the Twenty-Sixth Amendment focuses on *McDonald v. Board of Election Commissioners of Chicago*, 394 U.S. 802 (1969), a completely inapposite decision that had nothing to do with that Amendment. Indeed, it was decided (as Judge Smith acknowledges) *two years before* the Twenty-Sixth Amendment was ratified. *See TDP*, 2020 WL 2982937, at *14. Judge Smith appears to attempt to justify this by asserting that, "[t]he Twenty-Sixth Amendment is not a major player in federal litigation," *id.* at 13, giving the impression that the motions panel is the first court to even consider the application of the Amendment in over 40 years, but this is not at all the case and demotes the Amendment far below its fair billing.

Since the Twenty-Sixth Amendment was ratified there has been a small, but largely consistent body of case law that has evaluated it on its own terms – not through the lens of the entirely ill-fitting *McDonald* – and found that it is definitely not "toothless." *Id.* at 26 n.46. As the First Circuit noted in one of the very first cases to consider the Amendment, as a doctrinal matter it *must* add some additional protection beyond that found in the Fourteenth Amendment. *See Walgren v. Bd. of Selectmen of Town of Amherst*, 519 F. 2d 1364, 1367 (1st Cir. 1975). Yet, Judge Smith illogically opines, without addressing that case or virtually any others, that the Twenty-Sixth

7

Amendment must be viewed entirely through the lens of a case decided on Fourteenth Amendment grounds two years before the Twenty-Sixth Amendment's ratification.

There are several other good reasons to discount Judge Smith's reading of the Twenty-Sixth Amendment, one of which is pointed out by Judge Ho—the third judge on the motions panel—in his own concurrence. As Judge Ho recognizes, the text of the Twenty-Sixth Amendment "closely tracks" the text of the Fifteenth Amendment. *See TDP*, 2020 WL 2982937, at *20 (Ho, J., concurring). The Fifteenth Amendment prohibits the denial or abridgement of the right to vote "on account *of race, color, or previous condition of servitude*," while the Twenty-Sixth Amendment does the exact same thing for voters "on account of *age*." U.S. Const. amend. XV, § 1; U.S. Const. amend. XXVI, § 1. Indeed, before he forges down the ill-conceived path of embracing *McDonald* as the key to the Twenty-Sixth Amendment claim, Judge Smith writes in the majority opinion that the plaintiffs "rightly" "assert . . . that section 82.003 facially discriminates on the basis of age." *TDP*, 2020 WL 2982937, at *9. Judge Ho recognizes that, "it would presumably run afoul of the Constitution to allow only voters of a particular race to vote by mail." *Id.* at 20. But nowhere in the stay opinion do any of the judges explain how, if that is the case (and Plaintiffs agree, it plainly is) it does not similarly "run afoul of the Constitution" to allow only voters of a particular *age* to vote by mail. Judge Ho notes that neither the *TDP* plaintiffs' briefs nor the amici so much as mention the similarities between the Fifteenth and the Twenty-

Sixth Amendments. *Id*. This only serves to sharply underscore, again, how quickly the motions panel was deciding this issue, and the rushed nature of the briefing.[3]

It is also worth noting that none of the judges who contributed to the order on the motion to stay in the *TDP* appeal mentioned the most recent high-profile case to address the scope and effect of the Twenty-Sixth Amendment. In that case, which was decided less than two years ago, a federal district court struck down an opinion promulgated by the Florida Secretary of State that prohibited putting early voting sites on college or university campuses. *See League of Women Voters of Fla., Inc. v. Detzner*, 314 F. Supp. 3d 1205, 1210–11 (N.D. Fla. 2018). If anything, the law at issue here is more easily proved to "abridge" or "deny" the right to vote on account of age— as even Judge Smith acknowledged, it is right there in the law's text. *See TDP*, 2020 WL 2982937, at *9 (finding plaintiffs "assert (rightly) that section 82.003 facially discriminates on the basis of age"). In contrast, the on-campus early voting ban at issue in *Detzner* did not explicitly identify age as the reason for the prohibition. Nonetheless, the federal court concluded the ban was "unexplainable on grounds other than age because it bears so heavily on younger voters than all other voters," and held it violated the Twenty-Sixth Amendment. 314 F. Supp. 3d at 1222.

All of the above illustrates how the arguments in the instant case are likely to differ in meaningful ways from the cursory treatment that the Twenty-Sixth Amendment claim has received in the *TDP* appeal. To forestall the opportunity for Plaintiffs to move forward with their dispositive motion to explain to this Court why in fact the Twenty-Sixth Amendment requires the relief that Plaintiffs seek here based on a stay decision in which it appears only one judge was truly convinced

---

[3] Judge Ho voiced some additional concerns about remedy that are easily addressed (and which Plaintiffs will address in their motion for summary judgment, should this Court lift the stay).

that the Twenty-Sixth Amendment question would not ultimately succeed, would work a manifest injustice on Plaintiffs in this litigation, indefinitely forestalling their right to litigate their claim.

As previously noted, even if the merits panel were to come to a different conclusion than the motions panel in the *TDP* appeal, it would almost certainly be too late for Plaintiffs looking toward the November election. But the Court's stay order suspends these proceedings not just until the Fifth Circuit issues a decision on the merits, but until *all* appeals of that merits decision are exhausted. ECF No. 14 at 1. As a result, it could quite conceivably be *years* before Plaintiffs may be permitted to proceed on their claim here. Under different circumstances, on a different record, and with a more thorough opinion from the motions panel, that may be warranted. But not here. Not when the most fundamental of all rights is at stake, and in an election where discriminatory access to absentee voting could very well deny Plaintiffs, together with thousands of Texans who are rightfully concerned about their own health and the health of their loved ones, their right to vote entirely. *See, e.g.*, Gloria Decl.; Macri Decl.; Ramos Decl.; Segaloff Decl.; Thompson Decl.

## CONCLUSION

Plaintiffs respectfully request that the Court reconsider its order staying these proceedings pending the outcome of the appeal (and appeals yet to come) in the *TDP* case, and that the Court order the Secretary to respond to this motion on an expedited basis. Should the Court lift the stay, Plaintiffs could submit their motion for summary judgment as early as this Friday, June 19, which would make the motion ripe for the Court's decision by no later than July 10. *See* Local R. CV-7. This will give the Court sufficient time to consider the important question posed by this case and enter an order on Plaintiffs' motion in advance of the coming election, ensuring that Plaintiffs have at least the opportunity to obtain meaningful relief in time for November.

| | |
|---|---|
| Dated: June 15, 2020. | Respectfully submitted, |
| | **PERKINS COIE LLP** |
| | /s/ *John M. Geise* |
| | Skyler M. Howton<br>TX# 24077907<br>500 North Akard St., Suite 3300<br>Dallas, TX 75201-3347<br>Telephone: (214) 965-7700<br>Facsimile: (214) 965-7799<br>SHowton@perkinscoie.com |
| | Marc E. Elias*<br>John M. Geise*<br>Stephanie Command*<br>Zachary J. Newkirk*<br>700 Thirteenth St., N.W., Suite 600<br>Washington, D.C. 20005-3960<br>Telephone: (202) 654-6200<br>Facsimile: (202) 654-9959<br>melias@perkinscoie.com<br>jgeise@perkinscoie.com<br>scommand@perkinscoie.com<br>znewkirk@perkinscoie.com |
| | *Counsel for the Plaintiffs*<br>*\*Admitted Pro Hac Vice* |

11

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs conferred with counsel for Defendants on June 12, 2020 and they oppose Plaintiffs' motion.

/s/ *John M. Geise*
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020, I filed a copy of the foregoing Plaintiffs' Opposed Motion for Reconsideration of Order Staying Proceedings with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　 /s/ *John M. Geise*